**FILED**
**CLERK**

**5/7/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
APRIL SUMMERS,

　　　　　　　　　　　　*Plaintiff,*

**REPORT AND**
**RECOMMENDATION**

25-CV-04039 (GRB) (JMW)

　　　　　　-against-

COUNTY OF NASSAU, *et al.*,

　　　　　　　　　　　*Defendants.*
-------------------------------------------------------------------------------X

**A P P E A R A N C E S:**

　　**April Summers**
　　25G0665
　　Bedford Hills Correctional Facility, P.O. Box 1000
　　Bedford Hills, NY 10507
　　*Pro Se Plaintiff*

　　Nicholas C Zotto
　　**Office of the Nassau County Attorney**
　　One West Street
　　Mineola, NY 11501
　　*Attorneys for Nassau County Defendants[1]*

　　Alexander V. Sansone
　　**Law Offices of Alexander V. Sansone**
　　245 Hillside Avenue
　　Williston Park, NY 11596
　　*Attorney for Defendant Nassau University Medical Center Hosp.*

---

[1] Nassau County Defendants are all the defendants apart from Defendant Nassau University Medical Center Hosp.

**WICKS,** Magistrate Judge:

Pro se Plaintiff, April Summers ("Plaintiff"), commenced this action on August 12, 2025, alleging *inter alia*, that several Nassau County correction officers brutally attacked Plaintiff on August 6, 2024, which resulted in her mental and physical suffering. (*See generally*, ECF No. 1.) The Complaint alleges a host of claims pursuant to 42 U.S.C. § 1983 including but not limited to excessive force, negligent hiring, training and supervision, and discrimination. (*Id.*) Plaintiff seeks $140 million dollars in damages against (i) County of Nassau, (ii) Nassau University Medical Center Hosp., (iii) Registered Nurse Cynthia, (iv) Correction Officer Stek, (v) Sergeant John Doe, (vi) Correction Officer Pugliese, (vii) Correction Officer Perez, (viii) Corpral Regierio, (ix) Correction Officer Barbara and (x) Corpral Ms. Knight (collectively the "Defendants"). (*Id.*)  Before the Court by way of referral from the Hon. Gary R. Brown[2]  is Plaintiff's Motion to Strike Nassau County Defendants' Affirmative Defenses found in their Answer (ECF No. 39) and Nassau County Defendants' opposition (ECF No. 43).[3] For the reasons set forth below, the undersigned respectfully recommends that the Plaintiff's Motion (ECF No. 39) be **DENIED**.

**THE LEGAL FRAMEWORK**

Fed. R. Civ. P. 12(f) provides that,

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

---

[2] Judge Brown referred all pre-trial matters to the undersigned, including any dispositive motions, for a Report and Recommendation. (*See* Electronic Order dated 12/1/2025.)

[3] Plaintiff filed an identical document on May 5, 2026 (ECF No. 44) to the instant motion (ECF No. 39).

"Motions to strike affirmative defenses are generally disfavored." *Tardif v. City of New York*, 302 F.R.D. 31, 32 (S.D.N.Y. 2014) (quoting *Walsh v. City of New York,* 585 F.Supp.2d 555, 557 (S.D.N.Y.2008)). "The Second Circuit has made clear that 'the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task.'" *Douglas v. Albany Police Dep't,* No. 24-CV-807 (MAD)(CFH), 2024 WL 4818626, at *1 (N.D.N.Y. Nov. 18, 2024) (quoting *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Additionally, the Second Circuit has generally endorsed the view that '[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.'" *Bank v. Dimension Serv. Corp.*, No. 23-CV-2467 (JAM), 2023 WL 9009315, at *2 (E.D.N.Y. Dec. 29, 2023), *report and recommendation adopted*, No. 23-CV-2467 (AMD)(JAM), 2024 WL 185316 (E.D.N.Y. Jan. 17, 2024) (internal citations omitted). Nonetheless, in reviewing the instant motion, "the party moving to strike an affirmative defense must satisfy three elements: (i) there is no question of fact which might allow the defense to satisfy the plausibility standard applied to pleadings under Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); (ii) there is no question of law which might allow the defense to succeed; and (iii) the plaintiff would be prejudiced by the inclusion of the defense." *Jones v. Equifax Info. Servs. LLC*, No. 25-CV-1535 (GHW) (SLC), 2025 WL 918466, at *4 (S.D.N.Y. Mar. 26, 2025) (internal citations and quotation marks omitted). The

3

decision to grant or deny a motion to strike is within the Court's discretion. *See E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

It is against this legal backdrop that the Court analyzes the instant motion.

## **DISCUSSION**

Plaintiff's motion seeks to strike Nassau County Defendants' fourteen affirmative defenses that are contained in their Answer (ECF No. 23). (ECF No. 39.) Nassau County Defendants oppose arguing that Plaintiff makes bold assertions and bare claims without any authority to support her assertions. (ECF No. 43 at 1.) As Plaintiff is proceeding pro se, the standard is more lenient when considering pleadings and motions.   Nevertheless, the allegations and claims must not be simplistic conclusory statements. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotes and citations omitted); *Loveall v. Walker*, 807 F. Supp. 3d 148, 155 (N.D.N.Y. 2025) ("Therefore, his pleadings, motions, and filings must be held to less stringent standards than those that might be drafted by a lawyer."); *see also Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted) ("The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.") "However, mere conclusions of law or unwarranted deductions need not be accepted." *Id.* (internal quotation marks omitted); *Powell v. James*, No. 21-CV-06419 (GRB)(JMW), 2023 WL 2970137, at *4 (E.D.N.Y. Jan. 12, 2023) (same).

With a motion to strike, the Court shall "deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." *Dixon v. Reid*, 744 F. Supp. 3d 323, 331 (S.D.N.Y. 2024)

(quoting *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC,* No. 07-CV-9580, 2008 WL 4833001, at *4 (S.D.N.Y. Nov. 5, 2008)). All that said, the Court reviews each affirmative defense.

I.     ___Failure to State a Claim and Denial of Liability Affirmative Defenses (First through Fourth)___

The first affirmative defense is that "Plaintiff's Complaint and each and every claim set forth therein, fails to state a claim upon which relief can be granted." (ECF No. 23 at 2.) The second affirmative defense is that "[t]he actions complained herein were in full accord with the applicable law." (*Id.*) The third affirmative defense is that "County Defendants have not violated Plaintiff's Constitutional and statutory rights." (*Id.*) The fourth affirmative defense is "[t]hat at all times herein mentioned and mentioned in the Complaint, the officers and/or agents, servants or employees of Nassau County, having anything to do with Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of Nassau County; that all of the acts performed by each police officer, peace officer and/or agent, servant or employee of Nassau County in connection with Plaintiff were performed in good faith, without malice and with reasonable and proper cause." (*Id.*)

While Plaintiff challenges each of the above defenses, "there is abundant case law holding that a defense of a 'failure to state a claim' should not be the subject of a motion to strike because, like a denial of factual allegations, the defense functions as a general denial of liability." *Rich v. Miller*, 634 F. Supp. 3d 66, 73 (S.D.N.Y. 2022). Likewise, any denial of liability asserted in the Answer "is a simply a denial by defendants that plaintiff will be able to prove [her] claims." *Id.*

Accordingly, the motion to strike those affirmative defenses should be denied.

5

## II.    *Municipal Liability Affirmative Defenses (Fifth, Sixth, Seventh and Fourteenth)*

The fifth affirmative defense is that "[b]oth the Sheriff's Department and the Nassau County Police Department are arms of Nassau County and are not suable entities. *Williams v County of Nassau*, 2017 US Dist LEXIS 49286, at 9 [EDNY Mar. 30, 2017, No. 15-CV-7098)." (ECF No. 23 at 2.) County Defendants are correct in this assertion. *See Joseph v. Nassau Cnty. Corr. Ctr.*, No. 12-CV-4414 (JFB)(AKT), 2013 WL 1702162, at *3 (E.D.N.Y. Apr. 19, 2013) ("However, both entities are 'administrative arms' of a municipality, Nassau County, and [the Sheriff's Department], accordingly, cannot be sued.") However, Plaintiff opposes asserting that the Sherrif and Police Department are not mentioned in the Complaint (*see* ECF No. 1), and while this is true, as Plaintiff is pro se and will be granted leave at a later stage to file a narrative statement, such parties may be added (*see* Electronic Order dated 4/202/2026). (ECF No. 39 at 4.) The sixth affirmative defense is that "Plaintiff failed to exhaust her administrative remedies." (ECF No. 23 at 2.) Plaintiff opposes arguing that she exhausted her administrative remedies. (ECF No. 39 at 4.) However, while Plaintiff outlines the filing of grievances, there is no support for this and factual conclusions are not enough to strike this defense. *See Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 332 (S.D.N.Y. 2025) (collecting cases on when a motion to strike should be denied).

The seventh affirmative defense is "County of Nassau, its agencies, departments and employees at all appliable times herein enjoyed a full, partial or qualified immunity from civil suit." (ECF No. 23 at 3.) Plaintiff opposes arguing that the Nassau County Defendants "are in absolute err to believe they deserve immunity after the Damage they have cause the plaintiff in this complaint." (ECF No. 39 at 4.) The question of immunity – whether qualified or in full – is better suited once discovery is this case is completed and is a question of law that cannot be

determined at this stage. *See Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12-CV-5105 (NRB), 2014 WL 3950897, at *2 (S.D.N.Y. Aug. 13, 2014) (internal citation omitted) (discussing that "there must be no substantial question of law that might allow the defense to succeed"); *see also Tardif*, 302 F.R.D. at 36 ("The Court finds that Defendants have adequately stated the qualified immunity defense, as required by Rule 8(c), to give Plaintiff fair notice of the nature of the defense, and that there are questions of fact and law that might allow the defense to succeed.")

The fourteenth affirmative defense is that "Plaintiff has failed to sufficiently allege or establish a policy, custom, or practice by County Defendants that caused a violation of his constitutional rights, as required to sustain a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." (ECF No. 23 at 4.) Plaintiff avers that she did not fail to establish this and it is within her Complaint. (ECF No. 39 at 6.) A review of the Complaint illustrates that while Plaintiff may not have outlined or stated the exact words of "policy, custom, or practice", it may be inferred. Nonetheless, for the same reasons as previously stated, this is a question of law that should not be stricken and must be further explored given Plaintiff's pro se status. *See Williams v. Cnty. of Nassau*, No. 15-CV-7098 (LDW), 2017 WL 1216566, at *7 (E.D.N.Y. Mar. 30, 2017) (quoting *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir. 1995) ("Where there are repeated complaints of such violations, "[d]eliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents.")).

Accordingly, the motion to strike those affirmative defenses should be denied.

### III.    *Remaining Affirmative Defenses (Eighth through Thirteenth)*

The eighth affirmative defense is "[t]hat should Plaintiff recover damages as a result of a finding of liability on whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage." (ECF No. 23 at 3.) The ninth affirmative defense is "[t]hat if Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of Plaintiff without any negligence, reckless and/or wrongful conduct of Defendant, its agents or servants or employees contributing thereto." (*Id.*) "The Court notes that the law is somewhat unsettled as to 'whether the culpable conduct defenses of contributory negligence and comparative negligence apply to Section 1983 claims' such as the one asserted here. However, it is well established that 'close or new questions of law should *not* be resolved on a motion to strike.'" *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 453–54 (W.D.N.Y. 2020) (internal citations omitted). Given that, granting the motion to strike as to the eighth and ninth affirmative defenses would not be appropriate at this time.

The tenth affirmative defense is that "Plaintiff has failed to mitigate damages in this matter." (ECF No. 23 at 3.) Plaintiff's conclusory response is that she "mitigated all injuries and Damages in her complaint." (ECF No. 39 at 5.) Unfortunately, without more this is not enough to show how this affirmative defense in any way prejudices Plaintiff. Likewise, "this is just the sort of defense where the facts regarding plaintiff's conduct would not necessarily be within the defendants' knowledge and may become known only through discovery." *Rich*, 634 F. Supp. 3d at  75 (denying motion to strike).

The eleventh affirmative defense is that "[p]unitive damages may not be recovered against Nassau County as a matter of law." (ECF No. 23 at 3.) "[I]t is well established that there

8

are procedural and substantive constitutional limitations on" punitive damages awards. *Kochan*, 478 F. Supp. 3d at 453 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)). Therefore, at "this early stage of the proceedings, the Court finds these affirmative defenses sufficiently pled and denies Plaintiff's request that they be stricken." *Id.*

The twelfth affirmative defense is that "Plaintiff was arrested with probable cause and the actions of the police officers herein are immune from civil liability." (ECF No. 23 at 3.) Plaintiff asserts that the arrest does not justify the conduct which occurred at the Nassau County facility including the beating and discrimination. (ECF No. 39 at 6.) The Complaint alleges conduct against police officers and as such, the case must proceed with discovery in order to determine civil liability and/or any type of immunity. And, "a party cannot eliminate a defense merely by alleging facts when those facts are contested." *Rich*, 634 F. Supp. 3d at 74.

The thirteenth affirmative defense is that "Defendants' actions or omissions did not proximately cause any injuries or damages alleged by Plaintiff." (ECF No. 23 at 3.) Plaintiff argues that medical records prove otherwise. (ECF No. 39 at 6.) Medical records and other documentation that would be produced during discovery would provide a better sense of this and summary judgment would be the proper litigation vehicle for the Court to make a determination.

As perfectly stated in *Douglas* by Judge Mae A. D'Agostino,

> [t]he inclusion of these defenses in the [Nassau County Defendants'] answer do not prejudice Plaintiff; indeed, although many of the affirmative defenses are "essential boilerplate," they "do give Plaintiff fair notice of the nature of the defenses, and it does not appear that they are so legally insufficient that they should be stricken." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (citation omitted). Because these affirmative defenses provide Plaintiff adequate notice, and such standard defenses do not prejudice Plaintiff, the Court will not strike them.

2024 WL 4818626, at *2.

9

The same applies here, and Plaintiff is not limited from seeking further relief after discovery is closed or at later stages in this action. Nor has Plaintiff provided the Court with how she will be prejudiced by a denial of the instant motion. *See Agostisi v. Bendo*, No. 21-CV-7182 (GRB)(LGD), 2023 WL 5334396, at *5 (E.D.N.Y. Aug. 18, 2023) ("Here, Defendants have failed to establish that the challenged allegations would result in prejudice—a necessary showing."); *A.W.S. v. Southampton Union Free Sch. Dist.*, No. 19-CV-0889 (DRH)(ARL), 2022 WL 1478736, at *3 (E.D.N.Y. Feb. 28, 2022), *report and recommendation adopted,* No. 19-CV-889 (DRH)(ARL), 2022 WL 1166422 (E.D.N.Y. Apr. 20, 2022) (internal citation omitted) ("Absent a showing of prejudice, an affirmative defense need not be stricken.")  Accordingly, the undersigned recommends denial of Plaintiff's motion to strike those affirmative defenses.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion to Strike (ECF No. 39) be **DENIED**.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served through ECF on all counsel. The Clerk of the Court is respectfully directed to send a copy of this Report and Recommendation on Plaintiff and make a notation of such mailing on ECF. Any written objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b); *see also Nambiar v. The Central Orthopedic Group LLP*, No. 24-1103 (2d Cir. Oct. 28, 2025) (addressing timing and scope of objections to Reports and Recommendations). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections

within fourteen (14) days precludes further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

 Dated:  Central Islip, New York.
        May 7, 2026

RESPECTFULLY RECOMMENDED,

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
