LAW OFFICES
OF
EDWARD J. TROY
888 East Jericho Tpke.
PO Box 267
Huntington Station, NY 11746
Telephone: (631) 239-6817

Edward J. Troy, Esq.

Direct Dial: (631) 239-6817

August 7, 2026

via ECF

Hon. James Wicks
United States District Court
100 Federal Plaza
Central Islip, NY

Re: April Summers v. Nassau County et al.
25CV4039 (GRB) (JMW)
Our File: NHCC406

Dear Judge Wicks:

I represent defendants Nassau University Medical Center and Nurse Cynthia in this matter.

I am writing in response to this Court's order dated April 20, 2026 directing the defendants to serve a Narrative Statement. Enclosed herein is the Narrative Statement on behalf of the defendants NUMC and Nurse Cynthia.

Respectfully,

Alexander V. Sansone

cc
Ms. April Summers via mail
25G0665
Bedford Hills Correctional Facility
245 Harris Road
Bedford Hills, NY 10507

Mohammed Tahir, Esq. via ECF
Nassau County Attorney's Office

## Narrative Statement

## Defendants Nassau University Medical Center and Nurse Cynthia

The plaintiff April Summers is a thirty eight year old transgender female who entered the Nassau County Correctional Center (NHCC) on June 18, 2023. At medical intake she reported a history of bilateral breast implant surgery in 2020, and an abdominoplasty in 2022. She had a drug history and purchasing hormones on the street. Ms. Summers remained in NCCC until her transfer to NYS custody in June, 2024. During her stay in the facility, she received treatment for various complaints, was sent to NUMC for evaluation on a number of occasions, and was placed on 1:1 observation for extensive periods of time. A review of plaintiff's narrative statement will confirm by her own statements that the medical staff responded on the occasions when she claims to have been assaulted (8/6/23, 9/24/24, 10/16/24). Her medical chart confirms that the plaintiff was examined and treated frequently, and when necessary, sent to the hospital for various other complaints and incidents.

The plaintiff's narrative statement lists three sexual events, the first of which is an alleged assault and sodomy by corrections officers on August 6, 2024 (Medical records report the date as August 6, 2023 following a "Use of Force" event). Plaintiff was examined and subsequently sent to the ER for evaluation. According to the records the plaintiff made another complaint regarding a rape later in August 2023, which resulted in another trip to the hospital for evaluation by a SAFE/SANE nurse.

While plaintiff's narrative statement references a number of incidents with correction officers, the next discussion related to medical arises out of an assault where an officer used a key to injure the plaintiff's left ear (pp 6-7 Plaintiff's Narrative Statement) on September 24th or 25th 2024. Summer's statement once again confirms that plaintiff was treated with medication and seen by Dr. Henig who flushed her ear for wax, and prescribed medication. A visit to the ENT clinic at the hospital was scheduled when plaintiff made further complaints about her ear. The clinic visit (October 15, 2024) resulted in a diagnosis of "otitis media". Plaintiff was prescribed Erythromycin for the condition.

The third incident set forth in plaintiff's narrative statement was an alleged assault that took place while the plaintiff was a patient in NUMC following a syncopal episode in the ENT clinic. This assault occurred while plaintiff was awaiting transport back to the jail on October 16, 2024. While she felt she should have been treated in the hospital for any injuries related to the assault, her statement acknowledges that she was examined and treated upon her return to the jail. (p 22 Plaintiff's Narrative Statement).

The remaining issues raised in Plaintiff's Narrative Statement are directed at plaintiff's interactions with the officers. It is submitted that plaintiff received extensive treatment for her medical issues while in NCCC, and for any injuries related to the alleged assaults. While her narrative statement points to certain medical personnel as potential witnesses to some of her complaints and allegations, it does not set forth any rational basis for a claim that plaintiff's rights were violated due to deliberate medical indifference.