UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

APRIL SUMMERS,

Plaintiff,

-against-

NASSAU COUNTY, NASSAU COUNTY MEDICAL CENTER HOSP., R.N. NURSE CYNTHIA, C.O. STEK, SGT. JHON DOE, C.O. PUGLIESE, C.O. PEREZ, CORPRAL REGIERO, C.O. BARBARA, CORPRAL MS. KNIGHT,

Defendants.

---------------------------------------------------------------------- X

Case No. 2:25-cv-04039-GRB-JMW

**COUNTY DEFENDANTS' NARRATIVE STATEMENT**

Pursuant to the Order of Magistrate Judge James Wicks, dated August 18, 2026 Defendants, Nassau County, C.O. Stek, Sgt. Jhon Doe, C.O. Pugliese, C.O. Perez, Corpral Regiero, C.O. Barbara, Corpral Ms. Knight (hereinafter collectively referred to as "County Defendants"), by their attorney, Thomas A. Adams, Nassau County Attorney, by MOHAMMAD A. TAHIR, Deputy County Attorney, submit this Narrative Statement, based upon information and belief:

<u>Plaintiff's Narrative Statement:</u>

Plaintiff April Summers is a transgender female who was incarcerated at the Nassau County Correctional Center ("NCCC") during the period relevant to this action. By Plaintiff's own account, this was not her first period of incarceration at NCCC, as Plaintiff states that she was previously incarcerated at the facility in approximately 2010.

Plaintiff states that she was housed in the medical infirmary, identified as the D-2-D unit, beginning in approximately July 2023. According to Plaintiff, she was subsequently transferred to general population for a brief period before returning to the medical unit following an alleged

incident on August 6, 2024. Plaintiff also states that she was maintained on one-to-one observation during portions of her incarceration.

Plaintiff’s thirty-five-page narrative describes numerous interactions with correction officers, medical personnel, Internal Affairs investigators, and other County employees. The principal allegations relevant to this action concern several incidents that Plaintiff claims occurred between August and October 2024.

Plaintiff alleges that on August 6, 2024, she was assaulted by multiple correction officers while inside her cell. Plaintiff claims that she was handcuffed, struck in the face and head, kicked, and sexually assaulted during the incident. Plaintiff further alleges that the incident was related, at least in part, to disputes concerning her housing and confinement and her status as a transgender inmate. According to Plaintiff’s own narrative, she was thereafter returned to the medical unit.

Plaintiff further describes an incident involving Correction Officer Pugliese on August 13, 2024, concerning the delivery of her breakfast tray. Plaintiff alleges that Officer Pugliese pushed or knocked her food from the feed-up slot and that she was later issued a misbehavior report accusing her of assaulting him. Plaintiff denies assaulting Officer Pugliese and states that she subsequently complained about the incident through the grievance process and to Nassau County Internal Affairs.

Plaintiff also alleges that on or about September 25, 2024, Correction Officer Barbera struck her left ear or head with a key while she was in the medical-unit dayroom. Plaintiff claims that she experienced pain and hearing difficulties following the incident. Plaintiff’s own

narrative reflects that she was thereafter evaluated on multiple occasions by medical personnel, received medication, and was ultimately transported for an outside ENT evaluation.

Plaintiff additionally describes an incident occurring on October 16, 2024, while she was receiving treatment at Nassau University Medical Center. Plaintiff alleges that correction officers assigned to her hospital detail assaulted her while she was restrained to a hospital bed. Plaintiff claims that she sustained injuries to her head and body during that incident. According to Plaintiff's narrative, following her return to NCCC, she continued to complain of injuries, was seen by medical personnel, underwent X-rays, and reported the incident to Nassau County Internal Affairs.

Although Plaintiff disputes the conduct of the correction officers involved in these incidents, her own narrative reflects that she had repeated contact with medical personnel following her complaints, received outside medical evaluations, and was able to report her allegations through multiple channels, including the NCCC grievance process, Nassau County Internal Affairs, the Nassau County District Attorney's Office, her criminal attorney, and her civil attorney. The County Defendants dispute Plaintiff's characterization of the underlying incidents and reserve the right to supplement this Narrative Statement following a complete review of the relevant correctional, medical, investigative, and other records.

<u>County Defendants Summary of Defenses</u>

1. The County Defendants dispute Plaintiff's characterization of the underlying incidents and reserve the right to supplement this Narrative Statement following a complete review of the relevant correctional, medical, investigative, and other records.

2. Plaintiff has failed to state a cause of action against the County Defendants upon which relief can be granted.
3. Plaintiff has failed to comply with Sections 50-e, 50-h, and/or 50-i of the General Municipal Law of the State of New York.
4. Plaintiff has failed to comply with Section 52 of the County Law of the State of New York.
5. Plaintiff has failed to mitigate her damages in this matter.
6. At all times relevant herein, the peace officers and/or agents, servants, or employees of the County of Nassau who had any involvement with Plaintiff were acting within the performance of their respective duties. The acts performed by each such peace officer, agent, servant, or employee in connection with Plaintiff were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties and as required under the circumstances presented.
7. Pursuant to the Monell doctrine, the County of Nassau cannot be held liable for the acts of its employees solely on the basis of respondeat superior in an action brought pursuant to 42 U.S.C. § 1983. Accordingly, the County cannot be held liable merely by virtue of the acts or conduct of any individual Defendant.
8. The actions complained of were in full accordance with applicable law.
9. Plaintiff's constitutional and statutory rights were not violated by the County Defendants.
10. The County of Nassau, its agencies, departments, and/or employees, at all applicable times herein, enjoyed full, partial, and/or qualified immunity from civil suit.
11. The alleged acts or omissions of the County Defendants were not the proximate cause of any injuries or damages allegedly sustained by Plaintiff. Any such injuries or damages were

caused by Plaintiff's own actions, the actions of others, and/or superseding causes outside the control of the County Defendants.

12. Punitive damages may not be recovered against the County of Nassau as a matter of law.
13. Plaintiff has failed to exhaust all available state and/or administrative remedies and, therefore, is not entitled to maintain the claims asserted herein.
14. Plaintiff has failed to plead and/or establish that she sustained a physical injury as required by 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act.
15. Pursuant to New York Civil Practice Law and Rules ("CPLR") § 1603, the County Defendants assert the limitations contained in CPLR §§ 1601 and 1602 and all rights available thereunder.
16. To the extent Plaintiff sustained the damages alleged in the Complaint, such damages were caused by the negligent and/or wrongful conduct, acts, or omissions of third parties, without any negligence, wrongful conduct, acts, or omissions on the part of the County Defendants contributing thereto.
17. To the extent Plaintiff sustained the damages alleged in the Complaint, such damages were caused solely by Plaintiff's own negligent and/or wrongful conduct, without any negligence or wrongdoing on the part of the County Defendants contributing thereto.
18. Should Plaintiff recover damages based upon a finding of liability, in whole or in part, against the County Defendants, any such recovery should be reduced and diminished in proportion to the degree of comparative negligence and/or wrongdoing attributable to Plaintiff.

<u>County Defendants' Witnesses</u>

The County Defendants anticipate presenting the following witnesses in support of their defenses:

1. Plaintiff April Summers. Testimony concerning the allegations contained in the Complaint.
2. County Defendants. Testimony concerning the allegations contained in the Complaint and the incidents at issue.
3. An appropriate employee of NCCC to testify concerning whether Plaintiff availed herself of the grievance procedures available at NCCC.
4. An appropriate employee of NCCC to testify concerning NCCC's procedures regarding inmate grievances, inmate discipline, and inmate housing.
5. An appropriate employee of NCCC to testify concerning NCCC's procedures regarding inmate sick-call requests.

<u>County Defendants' Anticipated Exhibits</u>

1. NCCC Inmate Tracking System Records
2. NCCC Inmate Records File
3. NCCC Inmate Medical File
4. NCCC Inmate Grievance Unit records.
5. NCCC Inmate Handbook.
6. NCCC Inmate Grievance Unit's Grievance Tracking Reports.

<u>Expert Witnesses</u>

Defendants have not designated any expert witness at this time, but reserve the right to do so in accordance with all applicable laws and rules.

Reservation of Rights

Defendants reserve the right to amend their witness lists and exhibit lists at a future time in accordance with all applicable laws and rules.

Dated: Mineola, New York
August 18, 2026

Hon. Thomas A. Adams
Nassau County Attorney
*Attorneys for County Defendants*

BY: *Mohammad A. Tahir*

Mohammad A. Tahir, Esq.
Deputy County Attorney
One West Street
Mineola, New York 11501
Telephone: (516) 571-6664
E-Mail: MTahir@nassaucountyny.gov

TO: April Summers, Plaintiff *Pro Se*
25G0665
Bedford Hills Correctional Facility
245 Harris Road,
Bedford Hills, NY 10507